## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
_____

FRANCIS FERRELL,

                                     CIVIL NO.: _____

              Plaintiff,

v.

                                          **COMPLAINT**

NRA GROUP, LLC,
d/b/a NATIONAL RECOVERY AGENCY,     **JURY TRIAL DEMANDED**

              Defendant.
_____

## JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15
      U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law
      claims.

2.    This action arises out of Defendant's violations of the Fair Debt Collection
      Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3.    Venue is proper in this district because the acts and transactions occurred in
      this district, Plaintiff resides in this district, and Defendant transacts business
      in this district.

## PARTIES

4.    Plaintiff Francis Ferrell (hereinafter "Plaintiff"), is a natural person residing
      in the County of Ramsey, State of Minnesota, and is a "consumer" as that
      term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant NRA Group, LLC, d/b/a National Recovery Agency (hereinafter "Defendant"), is a collection agency operating from an address of 2491 Paxton Street, Harrisburg, PA 17111 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

6.     Sometime prior to January 2010, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7.     Upon information and belief, the underlying debt was discharged through Plaintiff's Chapter 13 bankruptcy proceeding in 2005.

8.     Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

9.     In January 2011, Defendant began a collection campaign that included multiple telephone calls to Plaintiff.

10.    Plaintiff conveyed to Defendant that the underlying debt was resolved and demanded that Defendant cease all telephonic communications with Defendant.

11.    Defendant continued to contact Plaintiff by telephone.

12.    On January 17, 2011, Plaintiff conveyed to Defendant that he had retained an attorney and stated the name and telephone number to Defendant's debt collection agent.

13.    Defendant contacted Plaintiff by telephone on January 19, 2011 despite

2

knowing that Plaintiff was represented by an attorney and knowing the contact information of the attorney.

14.    The conduct of Defendant in placing telephone calls after it knew the consumer is represented by an attorney  and without consent from the attorney or communication unresponsive to Defendant is a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(2), 1692d, and 1692f amongst others.

**Respondeat Superior Liability**

15.    The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

16.    The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

17.    By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

18.    Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in

violation of federal law by its collection employees, including but not limited to violations of the FDCPA, in its attempts to collect this debt from Plaintiff.

*Summary*

19. The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

20. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, emotional distress, and frustration, amongst other negative emotions.

21. Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

## TRIAL BY JURY

22. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

25.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

26.     for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

27.     for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and

28.     for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

MARTINEAU, GONKO & VAVRECK, PLLC

Dated:  May 9, 2011

 s/ Mark L. Vavreck                                    .
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:  (612) 659-9220
mvavreck@mgvlawfirm.com